IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CLEMENT DOUGLAS HAYES JR. | § | |
| v. | § | CIVIL ACTION NO. 6:06cv546 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Clement Hayes, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction and confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hayes says that he was convicted of aggravated assault on February 25, 1991, receiving a sentence of 30 years in prison. He did not take a direct appeal, but sought state habeas corpus relief on March 13, 2006. This state petition was denied on June 14, 2006.

Hayes complains of the legality of his conviction and that he has served over 100 percent of his sentence, which claim is based on the good time credits he has earned plus the calendar time served. After review of the petition, the Magistrate Judge issued a Report on January 3, 2007, recommending that Hayes' petition be denied. The Magistrate Judge concluded that Hayes' challenges to the legality of his conviction were barred by the statute of limitations, set out in 28 U.S.C. §2244(d), and that Hayes is not eligible for release on mandatory supervision. The Magistrate Judge stated that under Texas law, Hayes' earned good time does not reduce the term of his sentence., but merely accelerates his eligibility for release on parole or mandatory supervision; because Hayes is not eligible for release on mandatory supervision, the good time credits can only

1

accelerate his eligibility for parole, and he became eligible for parole in 1998. However, the Magistrate Judge said, there is no constitutional entitlement to release on parole in the State of Texas. Hence, the Magistrate Judge concluded that Hayes' petition lacked merit and recommended that it be dismissed. The Magistrate Judge also recommended that the Court deny Hayes a certificate of appealability *sua sponte*.

On January 19, 2007, Hayes filed a motion for extension of time in which to file objections to the Magistrate Judge's Report. This motion was granted and Hayes was given until March 7, 2007, in which to file such objections as he may have. However, no objections have been forthcoming; accordingly, Hayes is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Magistrate Judge's Report is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is DISMISSED with prejudice. It is further

ORDERED that the petitioner Clement Hayes is denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 3rd day of April, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**